UNITED STATES DISTRICT COURT
For the DISTRICT of PUERTO RICO

| | |
|---|---|
| **Elizabeth Rivera-Camacho**, **Benjamin Medina-Reyes**, and **Conyugal Partnership Medina-Rivera**;<br>Plaintiffs | Civil No. 3:20-cv-1706 |
| v. | Employment Discrimination; ADA; ADEA; Damages |
| **Sociedad Pro Hospital del Niño, Inc.**; **Beira Jaramillo-Suárez**; and **Juliana Canino-Rivera**;<br>Defendants | <u>Jury Trial Demanded</u> |

**Complaint**

**Plaintiffs** Elizabeth Rivera-Camacho, Benjamin Medina-Reyes, and the legal conyugal partnership formed between them, by and through their attorney, aver, state, and pray:

*Nature of the Case and Jurisdiction*

1. This is a civil action stating claims for violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. § 623(a)(1); the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a) & (b)(5)(A); Puerto Rico Act No. 100 of June 30 of 1958, as amended, 29 L.P.R.A. § 146 et seq; Puerto Rico Act No. 44, as amended, 1 LPRA § 501 et seq.; and Articles 1802 and 1803 of the Puerto Rico Civil Code, 32 L.P.R.A. §§ 5141 & 5142.

2. Jurisdiction exists under Title VII, 42 U.S.C. § 2000e et seq., 28 U.S.C. §§ 1331 and 1343(a)(4), and 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2), as allparties reside in Puerto Rico, and all the discriminatory employment practices alleged herein were committed within this district.

4. Plaintiffs demand trial by jury on all causes of action here stated.

*Parties*

5. Rivera-Camacho is of legal age, married to Plaintiff Medina-Reyes with whom she constitutes a legal conyugal partnership, a citizen of the United States, and resident of Bayamón, Puerto Rico.

6. Medina-Reyes is of legal age, married to Plaintiff Rivera-Camacho with whom he constitutes a legal conyugal partnership, a citizen of the United States, and resident of Bayamón, Puerto Rico.

7. Defendant Sociedad Pro Hospital del Niño, Inc. (SPHDN) is a corporation created under the laws of the Commonwealth of Puerto Rico, with principal offices in San Juan, PR, and fifteen (15) or more full-time employees, in an industry affecting commerce.

8. Defendant Beira Jaramillo-Suárez is the Administrator of Defendant SPHDN, a citizen of the United States, and resident of Puerto Rico.

9. Defendant Juliana Canino-Rivera is the Human Resources Director of Defendant SPHDN , a citizen of the United States, and resident of Puerto Rico.

10. All Defendants have received actual knowledge of the claims here asserted.

*Facts*

11. From September 22, 2014, to the date of her discharge on January 22, 2019, Rivera was the Director of the Nursing Department of SPHDN.

12. At all times relevant herein, Rivera-Camacho was qualified to perform the essential functions of her job.

13. In addition to her regular duties supervising the adequacy and professionalism of those in the Nursing Department, Rivera was also charged with bringing the Nursing Department into compliance with all state and federal regulations, which SPHDN had not been able to achieve prior to her arrival.

14. For purposes of regulatory compliance, Rivera-Camacho prepared Work Programs that ensured compliance with certain standards of care, as required by her employer, federal, and local authorities.

15. Under her stewardship, SPHDN was able to obtain all Department of Health and Department of Mental Health (ASSMCA) certifications, which had been placed on a probationary status prior to her employment.

16. On or about October of 2016, Rivera-Camacho was diagnosed with breast cancer requiring surgery, for which she commenced to receive chemotherapy and treatment shortly thereafter, and will receive treatment for the next ten (10) years.

17. Rivera-Camacho's direct supervisor was Efraín Piñero, SPHDN's Administrator at the time of commencement of Rivera-Camacho's employment, but sometime around 2018 he was substituted by Defendant Jaramillo.

18. Rivera-Camacho informed SPHDN's management, including Jaramillo and Canino, that SPHDN did not retain sufficient employees to staff the Nursing Department, and allowed non-compliant employees to continue working in positions despite lacking the required certifications.

19. The staff available to the Nursing Department and recruited by the SPHDN was insufficient, prone to absenteeism, and without the necessary certifications to comply with the Work Programs prepared by Rivera-Camacho.

20. In addition, Jaramillo and Canino required Rivera-Camacho to reassign individuals who had finished their shift and required rest, to continue in a new shift, but Rivera-Camacho refused to reassign these individuals, as it would pose a threat to the health and safety of others and their own.

21. Jaramillo and Canino engaged in a pattern and conduct to persecute, tarnish and discredit Rivera-Camacho's reputation. Jaramillo and Canino prohibited Rivera-Camacho from writing her observations any further, and instructed her staff to not help her in any way, knowing that Rivera-Camacho relied on these individuals to type her papers and reports.

22. They also would inquire about the Work Programs she herself prepared several times per day, knowing fully well that the Nursing Department needed more and better staff to comply with the Work Programs, but doing nothing in terms of staffing for it to work.

23. Furthermore, Jaramillo and Canino required Rivera-Camacho to perform duties she was unable to due to her condition, like enter into highly infectious patient areas and use force to carry patients, tasks that Jaramillo and Canino knew she could not perform pursuant to doctor's orders.

24. Jaramillo and Canino also started to question whether Rivera-Camacho had informed Human Resources when she had to attend chemotherapies and other therapeutic visits, suggesting that she had not requested the required leave. This, even

when Rivera-Camacho had to miss at least two therapies to cover for last-minute absences within her Department.

25. Defendants failed to provide reasonable accommodations to Rivera-Camacho including, but not limited to, having her enter highly infectious patient areas, carry patients, and not allowing her to attend her cancer treatment therapies.

26. In one instance Rivera-Camacho self-reported a verbal comment she made and felt deeply ashamed of, and Jaramillo and Canino seized upon the incident to open an investigation and suspend her for two weeks, after ordering her to seek psychological assistance.

27. The persecution was such that every time someone would visit Rivera-Camacho at her office, Canino and/or Jaramillo would ask who they were and what they had talked about.

28. The pattern to persecute, tarnish and discredit her reputation culminated in Rivera-Camacho's unlawful termination on January 22, 2019.

29. Rivera-Camacho was replaced by a younger employee, Wandaline Ruiz, in her twenties, effective immediately.

30. Rivera-Camacho made a timely charge of discrimination in the Puerto Rico Depatment of Labor, Anti-discrimination Unit, and the Equal Opportunity Employment Commission on February 6, 2019.

31. The EEOC issued a right-to-sue notice on or about November 5, 2020.

32. Plaintiffs also tolled any and all causes of action stated herein against the Defendants by letters dated March 5, 2019, and January 16, 2020.

5

33. In addition to her treatment for cancer, Rivera-Camacho has developed a severe depression, directly related to Defendants' conduct, for which she has sought admission to the San Juan Capestrano Hospital.

34. To date, Rivera-Camacho has been unable to find other employment, despite efforts to obtain one.

First Cause of Action
(*ADEA*)

35. All factual allegations recited above are here incorporated by reference.

36. Defendants' conduct constitutes unlawful employment actions and willful violations to the Age Discrimination in Employment Act ("ADEA"), which bars "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C.A. § 623(a)(1)

Second Cause of Action
(*ADA*)

37. All factual allegations recited above are here incorporated by reference.

38. Defendants' conduct constitutes unlawful employment actions and willful violations to the Americans with Disabilities Act ("ADA"), which protects qualified disabled employees from discrimination by either (1) a prohibition against differential treatment of disabled employees; and (2) an affirmative duty to reasonably accommodate disabled employees, who can perform the essential functions of their position. 42 U.S.C. § 12112(a) & (b)(5)(A)

Third Cause of Action
(*PR Act No. 100*)

39. All factual allegations recited above are here incorporated by reference.

40. Defendants' conduct constitutes unlawful employment actions and willful violations to Puerto Rico Act. No. 100 of June 30 of 1958, as amended, 29 L.P.R.A. § 146 et seq.

### Fourth Cause of Action
(*PR Act No. 44*)

41. All factual allegations recited above are here incorporated by reference.

42. Defendants' conduct constitutes unlawful employment actions and willful violations to Puerto Rico Act. No. 44 of July 2 of 1985, as amended, 1 L.P.R.A. § 501 et seq.

### Fifth Cause of Action
(*Puerto Rico Torts*)

43. All factual allegations recited above are here incorporated by reference.

44. Defendants are also liable under the Puerto Rico general tort statute, individually (Jaramillo and Canino), and vicariously (SPHDN), jointly and collectively, for the damages caused to Plaintiffs by their negligent and derelict conduct under Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. §§ 5141 and 5142.

*Damages*

45. All factual and legal allegations recited above are here incorporated by reference.

46. Defendants are liable to Plaintiffs for all lost salaries and fringe benefits until the date of trial ("back pay"), and for all the salaries that he will not receive in a reasonable future ("front pay"), if reinstatement is not practical, which sums reasonable estimated at $250,000.00; loss of benefits estimated at $50,000.00; emotional distress

7

damages estimated at $250,000.00; and punitive and compensatory damages as required by law.

**Wherefore** Plaintiffs seek judgment against Defendants, jointly and severally, by jury trial, in the sum of $550,000.00, or such other amounts as may be established at trial, with costs and attorney fees as required and permitted by law.

**Dated**: December 10, 2020.

*Respectfully submitted for Plaintiffs:*

s/Ramón L. Viñas Bueso
Ramón L. Viñas Bueso, Esq.
USDC-PR No. 209602
*ramonvinas@vinasllc.com*

Viñas Law Office, LLC
623 Ave. Ponce de León
Suite 1202B
San Juan, PR 00917-4831
T 787-724-4363
F 787-724-4316