IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ELIZABETH RIVERA-CAMACHO, BENJAMIN MEDINA-REYES; AND THE CONJUGAL PARTNERSHIP MEDINA-RIVERA<br><br>**Plaintiff**<br><br>v.<br><br>SOCIEDAD PRO HOSPITAL DEL NIÑO, INC.; BEIRA JARAMILLO-SUÁREZ; AND JULIANA CANINO-RIVERA<br><br>**Defendants** | **CIVIL NO.** 20-1706 (RAM) |

## OPINION AND ORDER[1]

Pending before the Court is co-defendants Beira Jaramillo-Suárez and Juliana Canino-Rivera's (collectively, the "Individual Defendants") *Second Motion to Dismiss Complaint against Beira Jaramillo Suárez and Juliana Canino-Rivera* ("*Motion to Dismiss*"). (Docket No. 21). For the foregoing reasons, Individual Defendants' request is **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

On March 18, 2021, Plaintiffs Elizabeth Rivera-Camacho ("Rivera-Camacho"), Benjamin Medina-Reyes, and the conjugal partnership between them (subsequently "Plaintiffs") filed their *First Amended Complaint* against the Individual Defendants and

---

[1] Cristina Vázquez-Ramírez, a second-year student at the Inter American University School of Law, assisted in the preparation of this Opinion and Order.

Sociedad Pro Hospital del Niño, Inc. (the "SPHDN") for unlawful employment practices that allegedly affected Rivera-Camacho's employment at SPHDN. (Docket No. 16). Specifically, Rivera-Camacho claims that Defendants engaged in unlawful workplace retaliation and violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et. seq*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et. seq.*; Puerto Rico Act No. 100 of June 30, 1959, as amended, P.R. Laws Ann. tit. 29 §§ 146-151 ("Act 100"); and Puerto Rico Act No. 44 of July 2, 1985, as amended, P.R. Laws Ann. tit.1 §§ 501, *et seq* ("Act 44"). Plaintiffs also allege violation of Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 §§ 5141-5142, Puerto Rico's General Torts statute.

On May 11, 2021, Individual Defendants filed their *Motion to Dismiss*. (Docket No. 21). Specifically, they argue that the individual claims against them should be dismissed for the following reasons: (a) neither the ADEA nor ADA provide for individual liability; (b) liability does not attach under Act 44 or Act 100; and (c) the allegations based on Articles 1802 and 1803 are based on the same alleged factual conduct that supports the federal and state employment claims, making damages thereunder unrecoverable. Id.  Plaintiffs filed an *Opposition* on June 24, 2021. (Docket No. 26).

## II.   LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) allows a complaint to be dismissed for "failure to state a claim upon which relief can be granted." When ruling on a motion to dismiss under this rule, courts must determine whether "all the facts alleged [in the complaint], when viewed in the light most favorable to the plaintiffs, render the plaintiff's entitlement to relief plausible." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 14 (1st Cir. 2011). This requires treating "any non-conclusory factual allegations in the complaint as true." Nieto-Vicenty v. Valledor, 984 F. Supp. 2d 17, 20 (D.P.R. 2013). Courts may also consider: "(a) 'implications from documents' attached to or fairly 'incorporated into the complaint,'(b) 'facts' susceptible to 'judicial notice,' and (c) 'concessions' in plaintiff's 'response to the motion to dismiss.'" Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55–56 (1st Cir. 2012) (quoting Arturet-Vélez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 13 n. 2 (1st Cir. 2005)).

## III. DISCUSSION

### A. Individual Liability under the ADEA

The ADEA prohibits age discrimination against employees. Particularly, it states that it is "unlawful for an employer...to discharge any individual or otherwise discriminate against any individual to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. §

623(a)(1). The Supreme Court has emphasized that the ADEA is to be construed in accordance with Title VII. *See* Santiago Del Valle v. Metropol Hato Rey, LLC, 2019 WL 3955395, at *3 (D.P.R. 2019) (citing Lehman v. Nakshian, 453 U.S. 156, n. 15 (1981)). Notably, the First Circuit has established that Title VII does not provide for personal liability. *See* Fantini v. Salem State Coll., 557 F.3d 22, 30 (1st Cir. 2009).

Thus, although neither the United States Supreme Court nor "the First Circuit [has] squarely addressed the issue of whether there is individual liability under ADEA, commensurate with other district courts within the First Circuit and sister circuit court opinions on this issue, most courts have concluded that there is no individual liability under ADEA." Vargas-Santos v. Sam's W., Inc., 2021 WL 4768387, at *7 (D.P.R. 2021) (citing Cosme-Perez v. Mun. of Juana Diaz, 110 F. Supp. 357, 384-85 (D.P.R. 2015)); Miranda v. Deloitte LLP, 979 F. Supp. 2d 191, 193-97 (D.P.R. 2013); Martin v. Chem. Bank, 129 F.3d 114 (2d Cir. 1997); and Smith v. Lomax, 45 F.3d 402, 403-04 & n.4 (11th Cir. 1995)).

The District of Puerto Rico has routinely dismissed individual liability claims brought under the ADEA. *See* Zamot v. Municipality of Utuado, 2020 WL 4574926, at *7 (D.P.R. 2020) ("'it is virtually impossible to imagine' that the First Circuit would find that ADEA provides for individual liability given the similarities between ADEA and Title VII and the fact that the First

Circuit has held that there is no individual liability under Title VII."); Villamia v. MVP Auto Corp., 433 F. Supp. 3d 261, 269 (D.P.R. 2020); Santiago Del Valle, 2019 WL 3955395, at *3; and Vargas-Santos, 2021 WL 4768387, at *7. Consequently, the ADEA claims against Individual Defendants are **dismissed.**

### B. Individual Liability under the ADA

The ADA prohibits discrimination of qualified individuals "on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment." 42 U.S.C.A. § 12112(a). In Roman-Oliveras v. Puerto Rico Elec. Power Auth., the First Circuit held that it is a "virtually universal view" that the ADA **does not contemplate individual liability**. Roman-Oliveras v. Puerto Rico Elec. Power Auth., 655 F. 3d 43, at 52 (1st Cir. 2011), Likewise, this District has followed well-established precedent that the ADA only provides for *employer* liability, not *personal* liability. *See* Cardona-Roman v. Univ. of P.R., 799 F. Supp. 2d 120, at 128 (D.P.R. 2011) ("other Circuits, and this district, have concluded that the ADA does not provide for individual liability, but only for employer liability."); Santiago-Rodriguez v. Puerto Rico, 2021 WL 2769870, at *2 (D.P.R. 2021); Pizzaro-Correa v. P.R. Internal Revenue Dep't., 267 F. Supp. 3d 369, at 373 (D.P.R. 2017); and

Zamot, 2020 WL 4574926, at *7. Therefore, the ADA claims against Individual Defendants are **dismissed.**

### C. Individual Liability under Act 44

Act 44 is Puerto Rico's counterpart to the ADA and as such, mirrors ADA's provisions for relief. See Cardona-Roman, 799 F. Supp. 2d at 131. Given that ADA and Law 44 are almost identical, and that numerous courts have concluded that the ADA does not provide for individual liability, the logical conclusion is that neither should Law 44. Id. at 132. To that end, this District has continuously held that there is no individual liability under Act 44. See Pizzaro-Correa, 267 F. Supp. 3d at 374; and Santiago-Rodriguez, 2021 WL 2769870 at 2*. Consequently, the Act 44 claims against Individual Defendants are **dismissed.**

### D. Individual Liability under Act 100

Act 100 was created to protect private sector employees from all types of discrimination. See Garib Bazain v. Hospital Auxilio Mutuo de Puerto Rico, 204 D.P.R. 601, 615 (2020) (holding that Act 100 establishes civil responsibility to private employers who engage in discriminatory acts). *Unlike Title VII, Act 100 does provide for the imposition of individual liability to supervisors of covered entities under the act that are responsible for certain discriminatory conduct.* See Ortiz-Rodriguez v. Del Nororeste, 2016 WL 1255694, at *13 (D.P.R. 2016) (citing Rosario-Toledo v. Distribuidora Kikuet, 151 D.P.R. 634 (2000); Rodriguez-Narvaez v.

Pereira, 552 F. Supp. 2d 211, 217-18 (D.P.R. 2007)). SPHDN is a private corporation and thus a covered entity under Act 100. *See* Pizzaro Correa, 267 F Supp. 3d at 374 (citing Huertas-González v. Univ. of P.R., 520 F. Supp. 2d 304 at 314 (D.P.R. 2007)). Accordingly, Individual Defendants' request to dismiss the Act 100 claims against them is **denied**.

### E. Articles 1802 and 1803 of Puerto Rico's Civil Code

Article 1802 of the Civil Code is Puerto Rico's general tort statute. It states that a person who "causes damages to another through fault or negligence" shall be liable in damages. P.R. Laws Ann. tit. 31, § 5141. On the other hand, "Article 1803 applies the principle of *respondent superior* to Article 1802 claims." Santana-Colon v. Houghton Mifflin Harcout Pub. Co., 81 F.Supp.3d 129, 139 (D.P.R. 2014) (citing P.R. Laws Ann.tit. 31 § 5142; Pagán Cólon v. Walgreens of San Patricio, Inc., 697 F.3d 1, 16 (1st Cir. 2012)).

"The Puerto Rico Supreme Court and courts in this District have held, to the extent that a specific labor or employment law covers the conduct for which a plaintiff seeks damages, he is barred from using the same conduct to also bring a claim under Article 1802" and by extension Article 1803. Id. at 140. Accordingly, additional claims under Articles 1802 and 1803 "may only be brought by the employee-plaintiff if it is based on tortious or negligent conduct *distinct* from that covered by the specific labor law(s) invoked." Medina v. Adecco, 561 F. Supp. 2d

162, 176 (D.P.R. 2008) (quoting Rosario v. Valdes, 2008 WL 509204, *2 (D.P.R. 2008)) (emphasis added).

In the case at bar, Plaintiff Rivera-Camacho has not alleged any additional tortious or negligent conduct on behalf of the named Individual Defendants that is not already covered by the above labor laws. Therefore, Rivera-Camacho's Article 1802 and 1803 claims are **dismissed.** However, Benjamin Medina-Reyes's derivative Article 1802 cause of action for damages caused by the alleged discrimination under Act 100 against his spouse cannot be dismissed at this juncture. *See* Santini Rivera v. Serv. Air, Inc., 1994 P.R.-Eng. 909, 527 P.R. Offic. Trans.

## IV. CONCLUSION

In light of the above, Individual Defendants' *Motion to Dismiss* at Docket No. 21 is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' claims pursuant to the ADEA, ADA, Act 44, and Article 1803 of the Puerto Rico Civil code, as well as Rivera-Camacho's Article 1802 claim, against the Individual Defendants are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of November 2021.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge